597 So.2d 439 (1992)
STATE Of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
Nell Carter Ramage WILLIAMSON, et al.
Nos. 91-C-2401, 91-C-2404.
Supreme Court of Louisiana.
April 20, 1992.
John Barkley Knight, Jr., Joe Hart Dixon, Jr., Arnold, Pettway, Dixon & Collier, for defendants-applicants.
Harvey Lee Hall, Charles E. Soileau, Bertrand & Soileau, for plaintiff-respondent.
*440 MARCUS, Justice.[*]
The primary issue in this expropriation case is the reasonableness of the attorney fees.
In May of 1983, the Louisiana Department of Transportation and Development (DOTD), pursuant to La.R.S. 48:441, et seq., filed a petition to expropriate a narrow strip of vacant property running through the entirety of Franklin Parish in order to widen Louisiana Highway 15. The original petition named the Missouri Pacific Railroad Company (as owners of a servitude on the subject property) and "Unknown Owners" as defendants.[1] The trial judge appointed a curator ad hoc to represent the interests of the unknown owners. Subsequently, DOTD deposited the sum of $1,267,153 in the registry of the court as just compensation and obtained an order of expropriation for the subject property.
The Missouri Pacific Railroad abandoned its claim to the servitude. Several individuals came forth and alleged ownership of a portion of the expropriated property. This portion was about 100 feet wide by 11,000 feet long (or about 27 acres). Those persons claiming an interest in the subject property were Nell Carter Ramage Williamson, Rowena P. Ramage, Charles L. Ramage, Julian H. Adams, and Charles Ramage Adams.[2] In addition to their ownership claim to the subject property, defendants also alleged that the amount deposited in the registry of the court was not sufficient to compensate them for their expropriated property. The sum deposited in the registry of the court representing the just compensation for the defendants' share of the property amounted to $394,329.50.
In the trial court, the issues of ownership and just compensation were tried separately. The issue of ownership was tried first. The property was divided into three parcels according to legal description; parcel A, parcel B, and parcel C. Defendants successfully proved their ownership of the expropriated property. The trial judge found that parcel A was owned in indivision by Nell Ramage Williamson, Rowena P. Ramage, Charles L. Ramage, Julian H. Adams, and Charles Ramage Adams and parcels B and C were owned in indivision by Nell Ramage Williamson, Rowena P. Ramage, and Charles L. Ramage.[3] This trial lasted one day.
The trial on the issue of just compensation was held about one year later. This portion of the case lasted three days. The trial judge rendered judgment in favor of defendants, finding the value of parcels A, B, and C to be $1,415,500, which is $1,021,171.50 over the amount deposited in the registry of the court by DOTD.[4] The trial judge awarded defendants the value of their expropriated property ($1,415,500) subject to a credit for the amount already deposited in the registry of the court ($394,329.50); in addition, he awarded attorney fees in the amount of 25% on the aggregate of the award in excess of the amount deposited in the registry of the court and legal interest on that amount from the date of the filing of the petition *441 for expropriation through the date the judgment was rendered. This amounted to attorney fees of about $450,000.
The court of appeal affirmed the trial judge's valuation of the expropriated property; however, the court found that the amount of attorney fees awarded by the trial judge appeared to be unreasonable in light of the value of the property and accrued interest.[5] Noting the lack of evidence in the record specifically relating to the amount of effort expended by the attorneys, the amount of time involved, or any evidence relating to the reasonableness of the award, the court set aside the 25% attorney fee award and remanded the case to the trial court for the limited purpose of permitting evidence to be offered in connection with the amount of attorney fees to be assessed.[6]
On remand, the trial judge conducted an evidentiary hearing. Defendants called two attorneys as expert witnesses to testify as to the reasonableness of the attorney fees awarded by the trial judge. After a review of the attorneys' files and the record in this case, both experts were of the opinion that the attorney fees awarded by the trial judge were reasonable in view of the effort expended by the attorneys and the customary fees charged in cases of this type. After noting that his original award might have been too high, the trial judge reduced the award for attorney fees from 25% to 20% of the aggregate of the award in excess of the amount deposited in the registry of the court and legal interest on that amount from the date of the filing of the petition for expropriation until paid. This award amounted to about $375,000. The trial judge also fixed expert witness fees at $2,150 and $1,980 for the two attorneys testifying at the hearing. These fees were taxed as costs against DOTD. DOTD appealed.
The court of appeal found that the award of attorney fees in the amount of 20% was excessive and should be reduced. The attorneys' time sheets submitted into evidence revealed that 456.75 hours were spent on the case. Noting the relative simplicity of the case, the court found that the highest attorney fee award would be $150 per hour for 456.75 hours, or $68,512.50. The court thus reduced the amount of attorney fees awarded by the trial judge from about $375,000 to $68,512.50. The court also found the expert witness fees for the attorneys testifying at the hearing were excessive and reduced them from $2,150 and $1,980 to $500 for each expert. The court assessed all costs of the proceeding against defendants.[7] Upon defendants' application, we granted certiorari to review the correctness of that decision.[8]
The primary issue for our determination is the amount of reasonable attorney fees that should be awarded in this case.
At the outset, we note that attorney fees are not allowed except where authorized by statute or contract. Huddleston v. Bossier Bank and Trust Co., 475 So.2d 1082 (La.1985). In a case where DOTD expropriates property pursuant to La.R.S. 48:441, et seq., La.R.S. 48:453(E) provides statutory authority for such awards. That statute provides:
Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed twenty-five percent of the difference between the award and the amount deposited in the registry of the court.
Attorney fees in expropriation cases are discretionary with the trial court. State through the Department of Transportation and Development v. The Estate of Giles Davis, 572 So.2d 39 (La.1990). Courts may inquire as to the reasonableness *442 of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La. 1987); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). La.R.S. 48:453(E) provides that reasonable attorney fees may be awarded by the court but in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court. Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.[9]State through Department of Transportation and Development v. Jacob, 491 So.2d 138 (La.App. 3d Cir.1986); State v. Ransome, 392 So.2d 490 (La.App 1st. Cir.1980). See also State through Department of Transportation and Development v. Estate of Giles Davis, supra.
Turning to this particular case, we must examine the record in light of the above mentioned factors to determine what constitutes reasonable attorney fees.
The ultimate result obtained by the attorneys for the defendants was a very good one. DOTD deposited $394,329.50 in the registry of the court as just compensation for the expropriated property. This amount was based on an appraisal conducted by DOTD's appraiser. The attorneys for defendants were able to increase that amount to $1,415,500 by going to trial. The value awarded by the trial judge is more than a million dollar increase. The attorneys in this particular case had a twofold responsibility. First, they had to prove that the defendants were in fact the owners of the property; second, they had to prove that the value of the property was greater than the amount deposited in the registry of the court. Additionally, there was much responsibility placed on the attorneys in this case in view of the large amount of money involved. Moreover, this litigation was important in that it involved only a section of the total amount of property expropriated, therefore serving a precedential purpose in setting property values and possibly encouraging settlements in future litigation. The attorneys recorded 456.75 hours of billable time. Furthermore, the attorneys made several court appearances, including one day of trial on the issue of ownership, three days of trial on the issue of just compensation, a motion on a rule to show cause why DOTD had not waived its right to a jury trial, a motion for new trial, the hearing on remand concerning attorney fees, two appellate appearances, and an appearance before this court. At the trial on just compensation, the attorneys called three expert witnesses and introduced 72 exhibits into evidence, including a number of comparable sales. Even though this trial did not involve issues of severance damages, economic loss, replacement value, loss of profits, or other issues normally associated with the expropriation of improved property, it was nevertheless complex as it required the valuation of three different parcels of land. Additionally, *443 those parcels contained small business property, industrial and commercial property, and rural property. Each required different treatment in terms of valuation. The attorneys also had to perform a substantial amount of curative title work in order to prove ownership by defendants. The trial judge noted that the defendants were difficult clients who had hired and fired several lawyers before hiring the present attorneys. He also acknowledged that his award was substantially less than the fee customarily charged in expropriation cases.[10] He recognized that the attorneys involved in this case were experienced attorneys who were very diligent and skillful in handling the case.
Based on a review of the record, we find that the trial judge abused his discretion in awarding attorney fees of $375,000 and the court of appeal was correct in reducing the award but erred in reducing it to $68,512.50. The trial judge overemphasized the intricacies of the facts involved and the court of appeal focussed too much on the amount of time the attorneys spent on the case. Even though the trial only involved valuation of the property, there were three different parcels to be valued, each containing different types of property. The valuation of the property required a trial of three days. Through their efforts, the attorneys for defendants obtained an increase of $1,021,171.50 for approximately 27 acres of property (or about an additional $37,800 an acre) for their clients. Given the facts and circumstances of this case, we find that an award of $175,000 is a reasonable attorney fee.
Defendants also claim the court of appeal erred in reducing the expert witness fees assessed by the trial judge in connection with the evidentiary hearing on remand. The trial judge fixed expert witness fees for the attorneys at $2,150 and $1,980 and assessed them as costs against DOTD. Finding this award excessive, the court of appeal reduced the expert fees to $500 for each expert. The experts testified that they reviewed the attorneys' files and the record of the original trial. The time sheets submitted by the experts revealed that each spent about 18 hours preparing for the hearing. Additionally, the time they spent testifying in court must be considered. Under these circumstances, we find that an award of $1,000 to each attorney is an adequate expert fee.
Finally, defendants claim the court of appeal erred in assessing the costs of the second appeal against them. They argue that the second appeal should be considered as part of the expropriation proceedings. We agree. Considering the expropriation proceedings as a whole, defendants were clearly the successful parties. Therefore, all costs should be assessed against DOTD, including the costs of the second appeal.

DECREE
For the reasons assigned, the judgment of the court of appeal reducing the award for attorney fees to $68,512.50 and the award for expert witness fees to $500 for each expert is amended by increasing the award for attorney fees to $175,000 and by increasing the award for expert witness fees to $1,000 for each expert. The judgment of the court of appeal assessing the costs of the second appeal against defendants is reversed. All costs are assessed against DOTD. In all other respects, the judgment of the court of appeal is affirmed.
NOTES
[*] Guidry, J., sitting ad hoc for Justice Hall, recused.
[1] DOTD named as defendants "Unknown Owners" pursuant to La.Civ.Code art. 2635, which provides:

If the owner of any land required for works of public utility be unknown or absent, and have left no known agent in the State, or if he cannot be found and served after diligent effort though he may still reside within the State, it shall be the duty of the court to appoint a curator ad hoc to represent and act for such owner; and the price which he may be entitled to receive shall be deposited into the court by which the expropriation is made, subject to his order; the receipt of the Clerk of Court for the price shall vest the title in the person paying for the land, in the same manner as if it were paid to the owner in person.
[2] To simplify the litigation, each of the parties created an inter vivos trust, naming themselves as beneficiaries and assigning to the trusts, all their right, title, and interest in the disputed property. The trustees were then substituted as party defendants.
[3] The court of appeal correctly noted that the inter vivos trusts created by these individuals were the holders of the "right, title, and interest" to the property.
[4] Specifically, the trial judge found the value of parcel A to be $628,000 and parcels B and C to be $787,500.
[5] The court noted that if an award of attorney fees is based upon a percentage, it should be based upon the excess award plus interest from the date of taking until paid.
[6] 557 So.2d 731 (La.App. 2d Cir.1990).
[7] 585 So.2d 614 (La.App. 2d Cir.1991).
[8] 590 So.2d 70, 71 (La.1991).
[9] We note that these factors are derived from Rule 1.5(a) of the Rules of Professional Conduct, which provides:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
[10] The attorneys called as experts in the evidentiary hearing testified that the fee customarily charged in expropriation cases is 33% of the excess of the amount deposited in the registry of the court. However, by statute, the court is prohibited from awarding attorney fees in excess of 25%. Additionally, this court has held that while a court may consider an attorney-client contract among other factors, it is not bound by such an agreement in determining reasonable attorney fees. Moody v. Arabie, 498 So.2d 1081 (La.1986). In the instant case, the attorney for defendants stated in oral argument before this court that his fee arrangement with his clients was 25% of the first $100,000 and 10% in excess of that amount, or about $168,000, or whatever the court awarded, whichever was higher.