# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30752

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2015

Lyle W. Cayce
Clerk

RAYMOND E. HECK; DOUG HAMLEY; CHARLES MOORE; JOSEPH MCKEARN; ALLEN RICHARDSON,

> Plaintiffs - Appellees

v.

WAYNE TRICHE,

> Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-21

Before DENNIS, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Wayne Triche challenges the legal basis for the award of attorney's fees to plaintiffs following the district court's entry of judgment imposing liability for violations of the Louisiana Securities Law. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30752

## BACKGROUND

The facts underlying this appeal are set forth in the related case, *Heck v. Triche*, -- F.3d --, 2014 WL 7335023 (5th Cir. Dec. 23, 2014), in which this court affirmed Triche's liability for securities fraud under La. Rev. Stat. Ann. §§ 51:712 & 51:714. *Id.* at *1, *10. Relevant to this appeal, soon after a trial in which a jury found Triche liable for securities fraud, plaintiffs moved for attorney's fees pursuant to § 51.714(A) and Local Rule 54.2. Triche opposed on the basis that plaintiffs failed to submit documents as required by Rule 54.2. The district court dismissed the motion without prejudice to refile once post-trial motions had been ruled on. After the district court ruled on the post-trial motions—holding that Triche was liable under state law, not federal law—plaintiffs re-filed their motion for attorney's fees, again pursuant to state law and Rule 54.2. Plaintiffs requested an award of attorney's fees in the amount of forty percent of the total recovery, but offered to submit the report required by Rule 54.2 if the district court directed. Triche again opposed because plaintiffs had not complied with Rule 54.2, and also requested that the district court exercise its discretion and not award attorney's fees. The district court denied the motion without prejudice and instructed plaintiffs to re-file their motion in compliance with Rule 54.2. Plaintiffs then submitted timesheets for their two attorneys. Triche opposed this submission, arguing that the handwritten nature of the timesheets and significant redactions made it impossible for the court to determine reasonable attorney's fees.

Armed with the timesheets, the district court ruled that attorney's fees were available pursuant to 15 U.S.C. § 78r and determined the reasonable hours, applying a significant reduction because of the deficiencies in the timesheets. Despite these findings, the district court did not award attorney's fees because plaintiffs submitted no information regarding the appropriate hourly rate. Plaintiffs then filed declarations from their two attorneys, and

2

No. 14-30752

three other attorneys, attesting to the reasonableness of a rate of $300 per hour for securities litigation in the Middle District of Louisiana. Triche opposed on the grounds that the declarations were conclusory. The district court granted plaintiffs' motion and awarded attorney's fees in the amount of $121,800. Triche timely appealed.

## DISCUSSION

### I.

"We review a district court's award of attorney's fees for abuse of discretion and its supporting factual findings for clear error." *Foreman v. Dallas Cnty., Tex.*, 193 F.3d 314, 318 (5th Cir. 1999). The conclusions of law underlying the award are reviewed *de novo. Id.* at 318–19.

### II.

Triche makes two related arguments on appeal, both concerning the district court's reliance on 15 U.S.C. § 78r in awarding attorney's fees. First, Triche argues that § 78r cannot support a fee award because no defendant is alleged to have filed any document with the SEC in relation to this case, a prerequisite for § 78r's applicability. Second, Triche contends that plaintiffs cannot recover attorney's fees under a federal statute, even if one were applicable, because the district court found Triche liable under state, not federal, law.[1] Neither argument warrants reversal.

15 U.S.C. § 78r provides for liability, including reasonable attorney's fees, if a defendant makes, or causes to be made, a false or misleading statement in a document filed with the Securities and Exchange Commission. 15 U.S.C. § 78r(a); *see also Magna Inv. Corp. v. John Does One Through Two Hundred*, 931 F.2d 38, 39 (11th Cir. 1991); *In re Enron Corp. Sec., Derivative*

---

[1] A large portion of Triche's brief is devoted to restating his arguments regarding the jury instructions and sufficiency of the evidence. These issues have already been decided by this court and may not be relitigated. *See Heck*, 2014 WL 7335023.

& *"ERISA" Litig.*, 540 F. Supp. 2d 800, 813 (S.D. Tex. 2007) (holding that § 78r requires a plaintiff to show, in part, that a document *filed with the SEC* contained a false or misleading statement).  Plaintiffs did not allege that Triche or any of his co-defendants filed any statement with the SEC.  Rather, the document containing misrepresentations was provided directly to a handful of investors.  *Heck*, 2014 WL 7335023, at *1.  Section 78r is therefore inapplicable and the district court erred in basing the attorney's fees award on it.

However, this error does not warrant reversal because state law provides for attorney's fees for Triche's state law violations.  Under § 714(A), any person who violates § 712(A) is liable to the buyer of the security and the buyer may sue to recover the consideration paid "and reasonable attorney's fees."  La. Rev. Stat. Ann. § 51:714(A); *see also Rauscher Pierce Refsnes, Inc. v. Flatt*, No. 95-1667 (La. App. 4 Cir. 2/29/1996); 670 So. 2d 537, 542 (holding that § 714(A) "authorizes the awarding of attorney's fees as an element of damage").  A defendant who controls a person liable under § 714(A) "is liable . . . to the same extent as the person liable under [§ 714(A)]."  La. Rev. Stat. Ann. § 51:714(B).  Triche's co-defendant, Raymond Buhler, was liable under § 714(A).  *Heck*, 2014 WL 7335023, at *13.  Triche was found to have controlled Buhler, and was liable under § 714(B).  *Id.* at *15, 17.  Plaintiffs therefore may recover reasonable attorney's fees from Triche.  *See Doucet v. First Fed. Guar.*, No. 11-9 (La. App. 5 Cir. 8/30/11); 72 So. 3d 478, 484–85 (awarding attorney's fees for a violation of § 714); *cf. United States v. Tello*, 9 F.3d 1119, 1132 (5th Cir. 1993) ("[W]e are authorized to affirm a district court's proper conclusion reached on the wrong reason if a correct reason exists . . . .").

Plaintiffs consistently requested attorney's fees pursuant to state law and never requested fees pursuant to § 78r.  At no point in the district court proceedings did Triche challenge the statutory availability of attorney's fees under either federal or state law.  Triche's arguments were limited to the

No. 14-30752

adequacy of proof of the hours worked and the reasonable rate for services. Even after the district court issued its ruling stating that attorney's fees were available under § 78r, Triche did not question the availability of attorney's fees. He submitted an opposition dealing only with sufficiency of the proof and did not challenge the district court's reliance on § 78r. Triche therefore runs into this court's well-trodden precedent that "arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Even on appeal, Triche does not contend that state law does not permit recovery of attorney's fees.

### III.

Having determined that attorney's fees are available under state law, we review the reasonableness of the fee award for abuse of discretion. *See Foreman*, 193 F.3d at 318. Because the district court awarded fees pursuant to a federal statute, it applied the federal standard. First, it calculated a "lodestar" fee "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers," *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998), and second, it considered whether to adjust the lodestar amount by reference to the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Although the district court did not employ the state standard, we find that it did not abuse its discretion in determining the amount of reasonable attorney's fees. Under Louisiana law, the lodestar method is not required, and courts take into account a similar, though not identical, list of factors in determining a reasonable fee award. *See Rivet v. State Dep't. of Transp. & Dev.*, 96-0145 (La. 9/5/96); 680 So. 2d 1154, 1161–62. Triche did not object to the district court's use of the lodestar method in the district court and did not raise any of the *Johnson* or *Rivet* factors as reasons why the award

5

should be adjusted. Even on appeal, Triche challenges only the district court's basis for the availability of attorney's fees; he does not challenge the reasonableness of the district court's calculation. The district court credited only the hours for which there was adequate documentation, and required the submission of declarations regarding a reasonable hourly rate in the relevant market. It also considered the *Johnson* factors and concluded that none warranted an adjustment from the lodestar amount. Having considered the *Rivet* factors, we find that the district court did not abuse its discretion in calculating attorney's fees.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's award of attorney's fees.