STONE, J.
The trial court denied David and Alyson Hoge's request for $65,946.81 in attorney fees and costs and awarded them $2,500 in attorney fees and costs. For the following reasons, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Paul Hoge ("Paul") was born on November 28, 1936 and has lived in Shreveport his entire life. For the last 7 years, he has resided in the home of LaRae Cook ("Cook"), his girlfriend of 13 years. Paul has one son, David Hoge ("David"). David and his wife, Alyson Hoge ("Alyson") (jointly "the Hoges"), live in Little Rock, Arkansas. In 2015, Paul was diagnosed with Alzheimer's and dementia. On January *460 25, 2017, the Hoges filed a petition to interdict Paul. Due to a series of motions filed by both parties, including multiple continuances by Paul, depositions, and days of testimony, the interdiction was contested over a period of 8 months.
On August 11, 2017, the parties agreed that full interdiction was not warranted as a less restrictive means was available. A judgment of limited interdiction was rendered, denying the full interdiction. The stipulations of the limited interdiction are as follows: 1) Christopher Smith and Gina Smith be appointed as limited co-curators over the person of Paul; 2) Alyson be appointed as the limited undercuratrix over the person of Paul; 3) Donald Hathaway, Jr. be appointed as the limited curator over Paul's property; 4) Mark Ford, CPA for Paul, appointed as the limited undercurator over the property of Paul.
Thereafter, on September 20, 2017, the Hoges filed a rule for reimbursement wherein they sought $65,946.81 in reimbursements for attorney fees and costs. In a hearing on October 30, 2017, the trial court granted the Hoges reimbursement in the amount of $2,500. The trial court based its judgment on: 1) the length and contentiousness of the interdiction; 2) the financial stability of the Hoges; 3) an affidavit executed by Paul Hoge stating he does not wish to reimburse the Hoges; 4) the fact that the Hoges filed the interdiction to preserve the assets of the interdict; and 5) the fact that the Hoges stated throughout the interdiction proceeding that they did not want or expect Paul's money. The Hoges appealed the trial court ruling, arguing the award was not fair or reasonable in light of the fees they incurred in connection with the interdiction.
DISCUSSION
A court of appeal should not set aside a trier of fact's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La. 1989) ; Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one, after reviewing the record in its entirety. Stobart, supra .
La. C. C. P. art. 4550 provides that the trial court may render judgment for costs and attorney fees against any party as the court may consider fair. (emphasis added). Regardless of the statutory authorization for an award of attorney fees, courts should examine certain factors to determine the reasonableness of the fees. Rivet v. State, Dep't. of Transp. & Dev. , 96-0145 (La. 09/05/96), 680 So.2d 1154, 1161. Factors to be considered include the ultimate result obtained; the responsibility incurred; the importance of the litigation; the amount of money involved; the extent and character of the work performed; the legal knowledge, attainment, and skill of the attorneys; the number of appearances involved; the intricacies of the facts involved; the diligence and skill of counsel; and the court's own knowledge. Id. ; see also , Ezzell v. Miranne , 2015-471 (La. App. 5th Cir. 01/27/16), 185 So.3d 171.
In support of their argument, the Hoges cite In re Interdiction of DeMarco , 2009-1791 (La. App. 1 Cir. 04/07/10), 38 So.3d 417. In DeMarco , Mrs. DeMarco, through her retained counsel, filed a motion for approval of her counsel's attorney fees and costs. The trial court reduced the billed attorney fee and awarded an amount less than what was requested. In reversing the trial court, the Louisiana First Circuit Court of Appeal stated, "we conclude the trial court was clearly wrong in determining that the fees and expenses billed by Mrs. DeMarco's retained counsel were not earned or clearly excessive under the *461 terms of the contract for legal services." The First Circuit also discussed the court's role in altering attorney fees, and stated, "[U]nless the provisions of an attorney-client contract produce an excessive, unearned, or incommensurate fee according to the factors set forth in Rule 1.5(a) of the Louisiana State Bar Association Rules of Professional Conduct, the fee charged must be considered reasonable and enforceable." See Moody v. Arabie , 498 So.2d 1081 (La. 1986).
We find the instant case to be distinguishable from DeMarco . In DeMarco , the request was for an approval of attorney fees, which the trial court determined was unearned and clearly excessive. In the matter sub judice , the trial court did not find the fee charged was unearned or clearly excessive under the terms of the contractual agreement. Additionally, the attorney fees were not altered as they were still effective between the Hoges and their attorney. Notably, in its oral reasons for awarding the Hoges $2,500 in attorney fees, the trial court made the following observation:
[I]t is shocking for, to expect Mr. Hoge to refund or reimburse the amount of $65,946.81 in this matter. Throughout these proceedings, which were protracted unnecessarily, in the Court's opinion, the plaintiffs in this matter kept emphasizing through pleadings and otherwise that they were concerned about the reduction of Mr. Hoge's assets. They emphasized throughout the litigation that that was their only concern, that -- to maintain Mr. Hoge's assets so that he could provide for himself, and for him to go to the medical treatment that was necessary. They testified that their net worth was approximately $1.5 million, and they do [sic] not want Mr. Hoge's money nor [sic] did they expect any of it, etc. But yet they file this motion to request that Mr. Hoge reimburse them for $65,946.81, which the court does not find to be reasonable or fair in these circumstances. The court does agree that there was a limited interdiction that was granted. The court multiple times would counsel or admonish each counsel that the litigation was somewhat spinning out of control, in the court's opinion, with a great deal of hostility on both sides, which I think unnecessarily drove up the expense, time, [and] energy of this litigation. Unfortunately, it didn't seem that either side paid much attention to those admonishments, and that was a major reason why the expenses, and the time, energy, and perhaps bad feelings occurred.
We find no error in the trial court's decision to only award the Hoges $2,500 in attorney fees. First, a clear reading of La. C.C. P. art. 4550 reveals the determination of whether to award attorney fees lies within the discretion of the trial court. The trial court had the option to award the Hoges attorney fees; it was not mandated. Second, a review of the record, including the trial court's explanation of its ruling, provides a reasonable basis for the trial court's conclusion. The trial court, in its discretion, determined the Hoges deserved a portion of their attorney fees. However, due to their role in the unnecessarily protracted litigation and repeated claims that they were not after Paul's money, the trial court simply awarded a portion of the requested $65,946.81, which it resolved as fair under the circumstances. The trial court also considered the fact that the Hoges petitioned the trial court for a full interdiction of Paul, however only a partial interdiction was granted. Under the facts of this case, we do not find the trial court abused its discretion in its award to the Hoges.
The Hoges contend Paul's affidavit should not have been considered in determining *462 reimbursement. The limited interdiction covered all of Paul's property and money, with the exception of his weekly allowance. The Hoges argue that because of this limited interdiction, Paul does not have control over how to spend his money or what bills to pay. At the hearing, Paul's counsel argued that Paul had the legal capacity to make the affidavit and stated Paul asked him to oppose the request for attorney fees and costs. The trial court stated Paul's affidavit and request for his counsel to oppose the reimbursement was credible evidence that Paul does not wish to pay the attorney fees and court costs. The trial court did not completely deny the reimbursement based on Paul's affidavit. Likewise, the trial court did not base the award of partial reimbursement solely on Paul's wishes. We find this argument to be without merit.
The Hoges argue they acted in good faith, which was not considered by the trial court. They offer the judgment of limited interdiction as evidence of their good faith. However, a showing of good faith is not dispositive of the issue of attorney fees in an interdiction proceeding. The Hoges cited case of In re Interdiction of Mashburn , 2012-1444 (La. App. 1 Cir. 4/30/13), 2013 WL 1845714 stated, "The good or bad faith of a litigant in an interdiction proceeding is simply a factor to be considered by the trial court when considering what is 'fair' or 'an equitable solution' regarding the allocation of costs and attorney fees."[1] Although the trial court did not spend time discussing good or bad faith in its oral reasons for judgment, it did agree that a limited interdiction was granted. The good faith of the Hoges was also argued before the trial court and discussed at the hearing. We find it is clear from the record that the trial court considered the good faith of the Hoges. However, La. C.C.P. art. 4550 states the decision to award attorney fees and costs is within the discretion of the trial court. If the legislature wanted the good faith of the parties to determine reimbursement, it would have included that requirement in the language of the article. This assignment lacks merit.
Finally, the Hoges argue the trial court should not have considered their net worth or the length and contentiousness of the proceedings when determining reimbursement. The Hoges brought up their financial worth to support their contention that they were not after Paul's money. Their only concern was maintaining Paul's assets so he could provide for himself. Counsel for the Hoges requested the entire interdiction record be introduced as evidence in the reimbursement hearing. The trial court considered all the arguments made by both parties throughout the litigation, as well as the manner in which this litigation was carried out. It was within the trial court's discretion to determine the reimbursement of attorney fees based on the law and evidence, which included the entire record of the interdiction. We find this assignment of error lacks merit. As this is within the trial court's discretion and absent manifest error, we cannot overturn the trial court's decision.
CONCLUSION
For the aforementioned reasons, we find the trial court did not err in denying David and Alyson Hoge's claim for $65,946.81 in attorney fees and awarding them $2,500 in attorney fees. Costs of this *463 appeal are assessed to David and Alyson Hoge.
AFFIRMED.
APPLICATION FOR REHEARING
Before Felicia Toney Williams, Jeanette Giddens Garrett, Shonda D. Stone - Writing, Jeff Cox, and Jay Bowen McCallum, JJ.
Rehearing denied.

This case is unpublished. It is cited here because the Hoges cited it in their argument, but it does not stand for the contention that good faith is the ultimate factor in awarding attorney fees and costs. This case clearly states that it is simply a factor to consider.