STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-522


FRANK J. CULOTTA, M.D.

VERSUS

ACADIANA PEST CONTROL, INC.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20224287
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

**********

**GARY J. ORTEGO**
**JUDGE**

**********

Court composed of Candyce G. Perret, Gary J. Ortego, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**David J. Calogero**
**A Professional Law Corporation**
**202 Magnate Dr.**
**Lafayette, LA 70508**
**(337) 298-0240**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
	**Frank J. Culotta, M.D.**

**Larry Dewayne Dyess**
**John Steven Garner**
**Joseph A. Devall, Jr.**
**Kari M. Rosamond**
**Paul D. Hale**
**Kathryn S. Landry**
**Hale Devall, LLC**
**400 Poydras St. Ste. 2107**
**New Orleans, LA 70130**
**(504) 576-0700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
	**Lexington Insurance Company**

**Larry E. Mobley**
**Michael R. Denton**
**Degan, Blanchard & Nash**
**600 Jefferson St., Ste 800**
**Lafayette, LA 70501**
**(337) 345-8629**
**COUNSEL FOR DEFENDANT/APPELLEE:**
	**Acadiana Pest Control, Inc.**

**Jason K. Elam**
**Lee Ziffer**
**Gay Jones & Kuhn PLLC**
**4719 Magazine St., Ste A**
**New Orleans, LA 70115**
**(601) 203-0122**
**COUNSEL FOR DEFENDANT/APPELLEE:**
	**AIX Specialty Insurance Company**

**ORTEGO, Judge.**

This matter involves a Motion to Enforce Settlement and For Penalties and Attorney's Fees ("Motion to Enforce Settlement") filed by Plaintiff, Frank J. Culotta, M.D. ("plaintiff"), pursuant to La.R.S. 22:1892, for the failure of defendants, Lexington Insurance Company ("Lexington") and AIX Specialty Insurance Company ("AIX") (collectively at times "defendants") to fund the settlement with plaintiff between thirty days. Plaintiff maintains that the receipt of the two settlement checks within seven and a half and eight weeks after the settlement warranted penalties and fees. Defendants argued that an extension of the thirty-day deadline was reached based upon communication with counsel, making the settlement funding timely. The trial court denied the motion to enforce settlement, as moot, and denied plaintiff's request for penalties and fees. Plaintiff now appeals the trial court's denial of the request for penalties and attorney's fees. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises from a termite infestation at plaintiff's home. Plaintiff filed suit against Acadiana Pest Control, Inc. on August 15, 2022, alleging breach of contract and negligence. On April 19, 2024, plaintiff filed a first amended petition adding Lexington as a defendant. On April 30, 2024, plaintiff filed his second amended petition adding AIX as an additional defendant. The parties reached a settlement agreement on January 13, 2025, which was outlined in email correspondence between all counsel, and included specific payment instructions by plaintiff's counsel to (emphasis added) "[p]lease forward a copy of the Release for my review *before* sending the check." On January 27, 2025, counsel for Lexington emailed to plaintiff's counsel a draft Release previously approved by all defendants. On February 10, 2025, plaintiff's counsel advised counsel for Lexington that he objected to portions of the Release. On February 18, 2025, counsel for Lexington

emailed to plaintiff's counsel a revised release incorporating the agreed-upon changes.

AIX mailed its settlement check to plaintiff's counsel on February 19, 2025, addressed to "David J. Calogero, APLC, 202 Magnate Drive, Lafayette, Louisiana 70508." This check was returned to sender and received by AIX on February 27, 2025. AIX then issued a replacement settlement check on March 4, 2025, and forwarded it to plaintiff's counsel via next-day postal delivery on March 5, 2025. The AIX settlement check was delivered to plaintiff's counsel on March 7, 2025. On March 11, 2025, plaintiff filed the subject Motion to Enforce Settlement and For Penalties and Attorney's Fees.

Lexington mailed its settlement check on January 29, 2025. However, due to a clerical error, the check was not delivered, and counsel for plaintiff and Lexington agreed that the check should be reissued. On March 14, 2025, plaintiff received the settlement check from Lexington. Also on March 14, 2025, following receipt of both Lexington's and AIX's settlement funds, and after plaintiff filed the Motion to Enforce Settlement, plaintiff's counsel once again revised the Release, inserting "reservation of rights" language to the release.

On May 27, 2025, the trial court held a hearing on plaintiff's Motion to Enforce Settlement. At the hearing, plaintiff's counsel advised the court that the motion to enforce settlement was moot because the settlement had been paid; however, plaintiff maintained his claim for penalties and attorney's fees. At the conclusion of the May 27, 2025 hearing, the trial court denied plaintiff's claim for penalties and attorney's fees and cast plaintiff with costs for the hearing.

In its oral reasons for denying plaintiff's Motion to Enforce Settlement, the trial court stated as follows:

All right. Well, clearly, based on the emails and based on the arguments today, there has never been a meeting of the minds in regards to the release language and when the check should be received. I am reading the email and I believe in the same way that defense counsel are reading it, in that Mr. Calogero, you are asking to review the Release before the checks are sent.

On June 10, 2025, the trial court rendered judgment in favor of Lexington and AIX and against plaintiff, denying the attorney's fee and penalty claim.

## ASSIGNMENT OF ERROR

In its sole assignment of error, plaintiff argues: "The District Court erred in denying Plaintiff's motion and in failing to award penalties and attorney's fees under La. R.S. 22:1892."

## STANDARD OF REVIEW

"A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of 'manifest error' or unless it is 'clearly wrong.'" *Stobart v. State through Dep't of Transp. & Dev.,* 617 So.2d 880, 882 (La. 1993). The supreme court announced a two-part test that must be satisfied in order to reverse a fact finder's determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court; and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). *Id.*

## LAW AND ARGUMENT

*Applicable law*

The statute at issue in this case and appeal is La.R.S. 22:1892(A)(2), which reads in pertinent part as follows:

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.

We will review plaintiff's and defendants' arguments as to whether payment of the settlement funds was timely before conducting our analysis. For the sake of brevity and because their arguments are largely duplicative, defendants' arguments will be addressed together.

*Plaintiff's/Appellant's Argument*

Plaintiff argues that the settlement was reduced to writing on January 13, 2025. While plaintiff acknowledges that Lexington's check was issued timely according to the original January 13, 2025 settlement, a clerical error occurred in the mailing of the Lexington check, causing the check to be re-issued. Lexington's check was received in the office of plaintiff's counsel eight weeks after settlement. Plaintiff also notes that the AIX settlement check was allegedly issued on February 19, 2025, more than thirty days after the January 13, 2025 settlement, and was allegedly returned to sender on February 27, 2025. Thus, the AIX check delivered to plaintiff's counsel was issued on March 4, 2025 and was received on Mar 7, 2025, seven and a half weeks after the January 13th settlement.

Plaintiff argues that defendants' opposition focused on the language used by plaintiff's counsel in the written confirmation of settlement which stated, "Please forward a copy of the Release for my review before sending the check." However, plaintiff argues there is nothing contained in that email which formally extended the thirty day deadline or made the settlement contingent on the Release language. Plaintiff argues that defendants' contention that the settlement checks did not have to be issued until the Release was finalized on February 18, 2025, was a result of their own errors, rather than an understanding between the parties that the thirty day deadline had been extended.

4

Plaintiff further argues that the reasons given by the trial court—a lack of "meeting of the minds" regarding the Release language—should have resulted in exactly the opposite result, i.e., the thirty day requirement commencing after the January 13, 2025 settlement agreement. Without any such agreement, plaintiff argues that the mandatory requirement of La.R.S. 22:1892 should have applied and penalties and attorney's fees should have been awarded.

Finally, plaintiff requests attorney's fees and costs for counsel's work on appeal.

*Defendants'/Appellees' Arguments*

Defendants contend the trial court correctly denied plaintiff's Motion to Enforce Settlement. They argue that the trial court properly found that plaintiff counsel's payment instructions were clear in requesting that defendants not issue the settlement check until he had reviewed and agreed to the Release language. As there was not an agreement on the language in the Release until February 18, 2025, the settlement checks were not due until March 20, 2025, per La.R.S. 22:1892.

Therefore, Lexington's originally mailed settlement check on January 29, 2025, was timely, and it shows that Lexington was acting in good faith in tendering funds before they were due. Further, plaintiff's confirmation of receipt of Lexington's re-issued settlement check on March 14, 2025, was well within the thirty day timeline outlined in La.R.S. 22:1892 based on the February 18, 2025 agreement. Defendants further argue the trial court correctly found that plaintiff had not proven that Lexington acted arbitrarily or capriciously to trigger the penalties under La.R.S. 22:1892. Accordingly, Lexington timely paid the settlement funds, and the trial court properly denied plaintiff's motion to enforce settlement and assessed plaintiff with costs.

AIX contends its settlement check was received by plaintiff on March 7, 2025, within thirty days of the February 18, 2025 agreement as to the terms of the Release. After receiving AIX's settlement check, defendants contend that plaintiff's counsel unilaterally revised the Release to include a reservation of rights such that the Release was no longer a full and final release. Accordingly, AIX timely paid the settlement funds, and the trial court properly denied plaintiff's Motion to Enforce Settlement and assessed plaintiff with costs.

*AIX's Request for Attorney's Fees*

AIX, for the first time in brief to this court, requests attorney's fees under La.Code Civ.P. art. 4550, which provides that the court may render judgment for costs and attorneys' fees, or any part thereof, against any party, as the court may consider fair. AIX argues that because plaintiff's motion to enforce settlement is unfounded, it requests that this court grant its request for reasonable attorney's fees and costs pursuant to Article 4550.

*Analysis*

It is undisputed that the parties reached a settlement agreement on January 13, 2025. However, plaintiff counsel's instructions regarding mailing the settlement check changed the terms of the settlement and, therefore, changed the date the funds were due. While plaintiff argues that the trial court's conclusion that a lack of the "meeting of the minds" means that the original thirty day deadline should apply (i.e., from the January 13, 2025 settlement agreement), we find that the context of the trial court's statement makes clear that the lack of a "meeting of the minds" refers to a lack of agreement as to the terms of the settlement, specifically plaintiff counsel's revision to the settlement agreement after receiving AIX's settlement check.

Louisiana Civil Code Article 3071 defines a compromise as "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Further, and as previously stated, pursuant to La.R.S. 22:1892A(2):

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.

Here, on January 13, 2025, the settlement agreement was memorialized in an email between plaintiff's counsel, counsel for Lexington, and counsel for AIX. In the January 13, 2025 email, plaintiff's counsel specifically advised counsel for both Lexington and AIX to "[p]lease forward a copy of the Release for my review *before* sending the check." (emphasis added). We find it was reasonable for the trial court to conclude plaintiff's counsel wanted to review the Release language before the checks were mailed, meaning the statutory thirty day deadline was not triggered at that time.

The trial court specifically noted, "Well, so to me, I would read that as that you want to review the release first before you take and accept the check." The trial court found that, regardless of plaintiff's intent, the language of his email conveyed a desire to delay the mailing of the checks, by noting: "But that's not what you said, Mr. Calogero. What you said was do not send the check- -you said 'Send me a copy of the release for my review before you send the check.'" The trial court further noted, "Well, you also then, as I said, on February 10th [you] sent back an email saying you disagreed with the language, and a new release was sent to you for your approval on February 18th, right? So at that point, the release has been sent to you for review, and you are accepting the language in the release. So to me, that is where

7

the 30 days should start." The trial court finally found and stated: "You-all agreed on the settlement but you asked, yourself, to review the release before the checks were sent."

We agree that the correspondence between counsel for all parties extended the date when the settlement funds would be due. After review, we find the parties' agreement on the terms of the Release, following communication between counsel regarding the language of the release, was February 18, 2025. Thus, thirty days from February 18, 2025, was March 20, 2025, with the settlement payment received from AIX on March 7, 2025, and the settlement payment received from Lexington on March 14, 2025. As such, we find that payment of the settlement funds by defendants was timely.

Additionally, the trial court found that plaintiff failed to provide sufficient proof that the defendants' actions were arbitrary and capricious and that plaintiff was not entitled to any penalties under Louisiana Revised Statutes 22:1892. Louisiana Revised Statutes 22:1892 B(1)(a) also provides in pertinent part that:

> Except as provide in Subparagraph (b) of this Paragraph, failure to make payment within thirty days after receipt of satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proof of loss of that claim, as provided in Paragraphs (a)(1) and (4) of this Section, respectively, or
> failure to make the payment within thirty days after written agreement or settlement when the failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, plus any proven economic damages sustained as result of the breach, or one thousand dollars, whichever is greater, payable to the insured, or in the event that of a partial payment or as well as, in either instance, reasonable attorney fees and costs.

Therefore, and regardless, as argued by plaintiff, if the thirty day deadline had been triggered on January 13, 2025, La.R.S. 22:1892 requires proof that the insurer was arbitrary, capricious, or without probable cause. Thus, we find that such a

question is a factual issue, and a factfinder's ruling in this regard may not be disturbed on appeal unless found to be manifestly erroneous. *Stobart*, 617 So.2d 880.

As stated above, we find the trial court correctly reasoned that the thirty day deadline did not commence until February 18, 2025. The court found and stated, "So if [defendants] sent the review [sic] two weeks later, so that gets us now to January 27th. . . . And then two weeks after that is when you sent back saying you wanted different language in the release."

Lexington sent the check on January 29, 2025, well before the settlement was due. Though the receipt of the check was delayed due to a clerical error, the check was still received by March 14, 2025. Additionally, plaintiff's counsel received AIX's settlement check on March 7, 2025, which was also well within the extended deadline of March 20, 2025. Furthermore, after receiving AIX's settlement check, plaintiff's counsel *again* revised the Release to include a reservation of rights. Thus, we find the trial court was not manifestly erroneous in concluding that neither Lexington nor AIX had acted in an arbitrary or capricious manner in their handling of the transmission of settlement funds, and regardless, that the settlement checks were received within the newly established deadline.

Finally, we note that La.R.S. 22:1892 is "penal in nature and, therefore, must be strictly construed." *Schexnaildre v. State Farm Mut. Auto. Ins. Co.*, 15-272, p. 7 (La.App. 1 Cir. 11/9/15), 184 So.3d 108, 112. Thus, "[u]nder a strict construction, every doubt must be resolved against the imposition of the penalty." *Id.*

*AIX's Request for Attorney's Fees*

AIX, for the first time, in brief to this court, requests attorney's fees pursuant to La.Code Civ.P. art. 4550. We note the following factors are to be considered:

> Regardless of the statutory authorization for an award of attorney fees, courts should examine certain factors to determine the reasonableness of the fees. *Rivet v. State, Dep't. of Transp. & Dev.*, 96-0145 (La.

09/05/96), 680 So.2d 1154, 1161. Factors to be considered include the ultimate result obtained; the responsibility incurred; the importance of the litigation; the amount of money involved; the extent and character of the work performed; the legal knowledge, attainment, and skill of the attorneys; the number of appearances involved; the intricacies of the facts involved; the diligence and skill of counsel; and the court's own knowledge. *Id.*; *see also, Ezzell v. Miranne*, 2015-471 (La. App. 5th Cir. 01/27/16), 185 So.3d 171.

*Interdiction of Hoge*, 52,368, pp. 2–3 (La.App. 2 Cir. 9/26/18), 256 So.3d 458, 460.

While we acknowledge that counsel for AIX obtained a positive result for its client, we find no evidence of the other factors in the record, and, thus, we decline to award AIX's request for attorney's fees.

*Conclusion*

The trial court found that while the parties had agreed on a settlement, that plaintiff's counsel payment instructions, via the January 13, 2025 email, suspended the thirty day deadline for payment. We find the trial court properly found that Lexington and AIX timely, and in good faith, sent the settlement checks to plaintiff and that neither Lexington nor AIX acted in an arbitrary or capricious manner as to warrant sanctions under La.R.S. 22:1892, as the communication between counsels altered the start date for the statutory thirty day deadline to February 18, 2025. Lexington's check was mailed by January 29, 2025, and received by plaintiff's counsel on March 14, 2025, well within the extended March 20, 2025 deadline. AIX's check, received by plaintiff on March 7, 2025, was also within that deadline. The trial court's June 10, 2025 judgment is supported by the evidence in the record and is not manifestly erroneous. Therefore, we affirm the decision of the trial court.

As to AIX's and plaintiff's request for attorney's fees, we decline to award the requests in this matter.

## DECREE

The plaintiff/appellant, Frank J. Culotta, M.D., raises one assignment of error by the trial court. We find no merit in the plaintiff's assignment of error and find no error in the trial court's judgment denying plaintiff's Motion to Enforce Settlement and For Penalties and Attorney's Fees. The judgment of the trial court in favor of defendants/appellees, Lexington Insurance Company and AIX Specialty Insurance Company, is affirmed in its entirety. As to AIX's and plaintiff's request for attorney's fees, we decline to award attorney's fees.

Costs of these proceedings are assessed to plaintiff/appellant Frank J. Culotta, M.D.

**AFFIRMED.**